Filed 10/13/15  P. v. Aviles CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>HIMBLER AVILES,<br><br>     Defendant and Appellant. | E063683<br><br>(Super.Ct.Nos. RIF1410734 &<br> SWF1402875)<br><br>**ORDER MODIFYING OPINION**<br>[NO CHANGE IN JUDGMENT] |

The opinion filed in this matter on September 30, 2015, is modified as follows:

The following paragraphs should be inserted above the section titled "I.

PROCEDURAL BACKGROUND."

Defendant and appellant Himbler Aviles simultaneously pled guilty

in two separate cases to impersonating a police officer (Pen. Code, § 538d,

subd. (c), count 1, case No. RIF1410734), possession of methamphetamine

(Health & Saf. Code, § 11377, subd. (a), count 1, case No. SWF1402875)

1

and trespass (Pen. Code, § 603, count 2, case No. SWF1402875).[1] Pursuant to defendant's plea agreement, the court sentenced defendant in the former case to nine days of incarceration with credit for time served and, in the latter case, to 16 days of incarceration with credit for time served. The court additionally imposed various fines and fees.

Defendant filed separate notices of appeal from each of the two cases the day before he entered his pleas. Thereafter, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying two potentially arguable issues: (1) whether defendant was advised of his constitutional rights, the consequences of pleading guilty, and whether he waived those rights before entering his pleas; and (2) whether defense counsel committed some unspecified act or acts of prejudicial ineffective assistance of counsel. We affirm.

Except for this modification, the opinion remains unchanged. This modification does not affect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

---

[1] Defendant also simultaneously pled guilty to four counts of domestic battery (Pen. Code, § 243, subd. (e)(1), counts 1-4) in another case, case No. SWM1309498, for which he was sentenced to 36 months' probation with a term requiring 90 days incarceration. However, he has not filed an appeal in that case.

KING
J.

We concur:

HOLLENHORST
Acting P. J.

McKINSTER
J.

Filed 9/30/15  (unmodified version)

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>HIMBLER AVILES,<br><br>     Defendant and Appellant. | E063683<br><br>(Super.Ct.Nos. RIF1410734 &<br> SWF1402875)<br><br>O P I N I O N |

APPEAL from the Superior Court of Riverside County.  Edward D. Webster, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I.  PROCEDURAL BACKGROUND

On August 14, 2014, the People charged defendant by felony complaint in case No. RIF1410734 with possession of methamphetamine (count 1; Health & Saf. Code, § 11377, subd. (a)), felony impersonating a police officer (count 2; Pen. Code, § 146a, subd. (b)(3)), and two counts of misdemeanor impersonating a police officer (counts 3 & 4; Pen. Code, § 538d, subd. (c)).  On September 29, 2014, the People charged defendant by felony complaint in case No. SWF1402875 with possession of methamphetamine (count 1; Health & Saf. Code, § 11377, subd. (a)), being under the influence of a controlled substance (count 2; Health & Saf. Code, § 11550, subd. (a)), and trespass for vandalism (count 3; Pen. Code, § 603).

On March 27, 2015, defendant signed and initialed plea agreements in both cases. Defendant initialed all six provisions of each plea agreement advising him of his constitutional rights to a speedy and public trial by a judge or jury, to face and cross-examine witnesses against him, to compel witnesses to attend trial and present evidence in his defense, against self-incrimination, to testify on his behalf, to be represented by a lawyer at all proceedings paid for by the state if he could not afford one, and to a court reporter at all proceedings.

On the plea agreement in case No. RIF1410734, defendant initialed two applicable provisions informing him of the consequences of his plea.  On the plea agreement in case No. SWF1402875, defendant initialed five applicable provisions informing him of the consequences of his plea.  Defendant signed both agreements indicating he read and

2

understood the agreements in their entirety.  Defense counsel signed the agreements reflecting his belief that defendant understood his constitutional rights and the consequences of the pleas.

At defendant's plea hearing, the court advised defendant he had all the constitutional rights enumerated in his plea agreements, the provisions of which defendant had initialed.[2]  The court asked if defendant signed the forms understanding everything in them.  Defendant answered that he had signed the forms and understood the contents therein.  The court asked if defendant understood he was giving up his right to a trial, to confront and produce witnesses, and his privilege against self-incrimination.  Defendant responded he understood.  The court asked defendant if he understood the consequences of his pleas.  Defendant answered that he did.

The court noted that defense counsel "worked a miracle for you, he and the legislators, and the citizens passing Prop[osition] 47.  Because I would have never guessed that you would be where you are now before October of 2014.  So things have worked out well for you."  Defendant entered his pleas as noted, *ante*.

---

[2]  The minute orders for the hearing reflect the court advised defendant of his rights to a speedy and public trial by judge or jury, to confront and cross-examine witnesses, to present evidence, and his privilege against self-incrimination.  They further indicate defendant waived those rights.  The minute orders further read that the "Court finds based on inquiry and examination of def[endant], that def[endant] has the ability to understand and does understand his/her constitutional rights."

## II.  DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
J.

We concur:

HOLLENHORST
Acting P. J.

McKINSTER
J.

4